UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 19 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

David Baxter (a/k/a Richie A. Hill),  )
      Plaintiff,  )
      v.  ) Civil Action No. 10 1210
Lt. Samples *et al.*,  )
      Defendants.  )

## MEMORANDUM OPINION

The plaintiff, a prisoner confined at the United States Penitentiary in Florence, Colorado, has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for failure to state a claim upon which relief may be granted because the claims are barred on grounds of *res judicata*.

The complaint alleges that in 2005, one of the defendants broke the plaintiff's neck, *see* Compl. at 7, another broke his finger, *id.*, another inserted a stick in his rectum, *id.*, and the remaining defendants engaged in covering up evidence of these wrongdoings, *see generally*, Compl. The plaintiff has previously, in multiple venues, pursued claims arising from the same alleged incidents. *See Baxter v. Samples*, Civil Action No. 08-cv-620-CBS-KMT, 2009 WL 2242252, *1-2 (D. Colo. July 22, 2009) (pursuing claims arising from these same three incidents); *Baxter v. Lappin*, Civil Action No. 09-cv-896-JPG, 2010 WL 1849335, *2-3 (S.D. Ill. May 7, 2010) (noting that claims arising from these same incidents had already been litigated, finding that any claims were barred by the statute of limitations, and dismissing the complaint for failure to state a claim).

In relevant part, the doctrine of *res judicata* stands for the proposition that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 4498 U.S. 90, 94 (1980); *see also Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 376 n.1 (1985) (stating that its purpose is to prevent "litigation of matters that should have been raised in an earlier suit"). The instant complaint appears to be based on the same set of events that gave rise to the multiple prior actions filed by the plaintiff, which have been decided on the merits. The plaintiff cannot now relitigate these claims. Therefore, the complaint will be dismissed for failure to state a claim upon which relief may be granted because the claims are barred by *res judicata.* This determination constitutes a "strike" for purposes of this "3-strikes rule" in 28 U.S.C. § 1915(g). *See also Baxter v. Lappin,* 2010 WL 1849335, *2-3 (imposing a strike).

A separate order accompanies this memorandum opinion.

Date:
7/14/10

United States District Judge